572 A.2d 1350 (1990)
In re G.S., Juvenile.
No. 88-456.
Supreme Court of Vermont.
February 1, 1990.
Before ALLEN, C.J., and PECK, GIBSON and DOOLEY, JJ.

ENTRY ORDER
Appellant, father of G.S., whose parental rights were terminated by the juvenile court, argues that the Vermont Constitution requires the State to prove its case beyond a reasonable doubt before parental *1351 rights may be involuntarily terminated. He claims that the termination order must be reversed because the district court applied only a clear and convincing evidence standard. Although appellant did not raise this argument below and thus we will not normally consider it for the first time on appeal, see, e.g., Garrow v. Garrow, 150 Vt. 426, 431, 553 A.2d 569, 572 (1988), he nevertheless argues that failure to apply the correct standard rises to the level of plain error, which we may consider without preservation. See, e.g., State v. Anderkin, 145 Vt. 240, 245, 487 A.2d 142, 144 (1984). "[P]lain error will be found only in a rare and extraordinary case where the error is an obvious one and so grave and serious as to strike at the very heart of a defendant's constitutional rights...." State v. Ramsay, 146 Vt. 70, 75, 499 A.2d 15, 18 (1985). If the juvenile court had been informed of appellant's position, it may well have found grounds for termination of parental rights beyond a reasonable doubt. Thus, we cannot find that the standard of proof used had any effect on the outcome of the case, and we are unwilling to review a standard of proof challenge, absent preservation, in such circumstances.
Appellant next argues that there was not even clear and convincing evidence to support the court's order terminating his parental rights. The juvenile court may terminate all parental rights of an individual parent during the initial disposition proceeding, pursuant to 33 V.S.A. § 656(a)(3), if the court finds by clear and convincing evidence that this is in the child's best interest. See In re J.R., ___ Vt. ___, ___, 570 A.2d 154, 160-61 (1989); In re A.D., 143 Vt. 432, 435, 467 A.2d 121, 123 (1983). In order to determine the best interests of the child, the court must consider the four factors enumerated in 33 V.S.A. § 667. The most important of these four factors is whether the parent "will be able to resume his parental duties within a reasonable time." In re J.R., ___ Vt. at ___, 570 A.2d at 161.
The court found by clear and convincing evidence that appellant severely injured his infant child on two separate occasions. On the second occasion, appellant forcibly slammed G.S. against the floor, fracturing his skull, which may cause permanent brain damage and visual impairment. Based upon these findings, the court concluded that it is inconceivable that the father will be able to resume parental duties within a reasonable period of time. As long as the court applied the proper standard, we will not disturb its findings unless they are clearly erroneous, and we will affirm its conclusions if they are supported by the findings. Id. at ___, 570 A.2d at 158.
We conclude that the court made ample findings and conclusions that justify its decision to terminate appellant's parental rights.
Affirmed.