*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-051

MAY TERM, 2015

| | |
|---|---|
| In re J.T. and A.T., Juveniles | } APPEALED FROM: |
| | } |
| | } Superior Court, Franklin Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 143/144-10-12 Frjv |

Trial Judge: Howard A. Kalfus,
Specially Assigned

In the above-entitled cause, the Clerk will enter:

Father appeals from the termination of his parental rights in daughters J.T. and A.T. He argues that the State failed to meet its burden of proof with respect to two of the statutory best-interests factors. We affirm.

J.T. was born in October 2006; A.T. was born in July 2011. In October 2012, the Department for Children and Families (DCF) filed petitions alleging that the children were in need of care or supervision (CHINS) due to medical and dental neglect, truancy issues related to J.T., and a family history involving the girls' older brother. The girls were adjudicated CHINS, and initially placed with parents subject to certain conditions. Father went to jail in October 2012, and the custody order was modified to place the children in mother's sole custody. Mother did not abide by the conditions of the custody order, and in March 2013, custody of the children was transferred to DCF. In October 2014, DCF moved to terminate both parents' rights.

Mother relinquished her parental rights, and following a hearing, the court concluded that termination of father's rights was in the children's best interests. The court explained that father had been incarcerated since October 2012 and he had not met any of the case-plan goals. The court acknowledged that father had written letters to the children and visited with them three or four times over the prior twenty months. Due to father's lack of progress in meeting the case-plan goals, however, the court found that father had stagnated in his ability to parent.

Turning to the statutory best-interests factors, the court found that the children had been placed with their maternal aunt and they were doing well there. The girls had a good relationship with their aunt, and their medical, dental, and educational needs were being met. The court found that the children had a relationship with father and that they had visited him in jail, but this relationship was inconsistent.

As to the most important statutory factor, the court found it unlikely that father would be able to parent the girls within a reasonable period of time as measured from the children's

perspective. Father had been incarcerated for a significant portion of both girls' lives. He appeared to have at best a cursory understanding of the girls' needs. Father thought A.T. was in first grade, although she was not yet in school. He did not know what grade J.T. was in. There was no evidence that father remained abreast of what had been happening with the children medically or educationally, and the court indicated that it reached its conclusion because father had had virtually no contact with DCF. Father had also had minimal face-to-face contact with the girls. The court found it unclear when father would be released from jail; his earliest release date was October 2015 and his latest release date was October 2016. Once he was released, father would need to reestablish his relationship with the children, and he would also need to get up to speed on the children's emotional, medical, and dental needs. All of this would take time that the girls did not have. The court thus concluded that father would be unable to parent the children within a reasonable period of time. In reaching its decision, the court recognized that father had played a role in the girls' lives, and that he had demonstrated emotional support and affection. Nonetheless, the court concluded that father had not played a particularly constructive role in their lives given his incarceration. The court therefore concluded that termination of father's rights was in the children's best interests. Father appealed.

Father argues that DCF failed to provide adequate evidence regarding the father-child bonds and his role in the children's lives, the first and fourth statutory best-interests factors. He maintains that, as a result, the court's conclusions on these points are unsupported. Father complains that no evidence was presented regarding the role he played in the children's lives prior to his incarceration, and that there was no evidence about the "quality" of his relationship with the children while he was in jail. Father suggests that the court did not focus on children's best interests but instead on whether his behavior deserved reward or punishment.

We find these arguments without merit. To terminate parental rights, the court must determine by clear and convincing evidence that there is a change of circumstances, and that termination is in the child's best interests. See 33 V.S.A. § 5113(b); In re B.W., 162 Vt. 287, 291 (1994). To determine the best interests of a child, the court must consider four statutory factors. 33 V.S.A. § 5114. The most important factor is the likelihood that the natural parent will be able to resume his or her parental duties within a reasonable period of time. See In re B.M., 165 Vt. 331, 336 (1996). As long as the court applied the proper standard, we will not disturb its findings on appeal unless they are clearly erroneous; we will affirm its conclusions if they are supported by the findings. In re G.S., 153 Vt. 651, 652 (1990) (mem.).

The court applied the appropriate standard here, and it had sufficient evidence to assess all of the statutory best-interests factors. With respect to the issues raised by father, the court found that the children had a relationship with father, but this relationship was inconsistent. Father wrote letters to the children, but had seen the children only four times in twenty months. Father did not know what grades children were in and had at best a cursory understanding of their needs. He had virtually no contact with DCF and therefore knew almost nothing about the girls' lives and well-being. Father had spent a large portion of the girls' lives in jail. All of this evidence speaks to both the quantity and the quality of father's relationship with the children, and it amply supports the court's findings and conclusions. Father was free to present any additional evidence that he believed provided a different perspective on his relationship the children. The fact that father disagrees with the court's conclusions does not demonstrate error. See, e.g., Cabot v. Cabot, 166 Vt. 485, 497 (1997) (recognizing that it is for the trial court, not

2

this Court, to "determine the credibility of the witnesses and weigh the persuasiveness of the evidence").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice