# ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-239

OCTOBER TERM, 2015

In re A.G., Juvenile

} APPEALED FROM:
}
} Superior Court, Chittenden Unit,
} Family Division
}
} DOCKET NO. 156-6-14 Cnjv

Trial Judge: Thomas J. Devine

In the above-entitled cause, the Clerk will enter:

Mother appeals from the termination of her residual parental rights in A.G., born in November 2011. She argues that the court failed to adequately explain how it reached its conclusion. We affirm.

The trial court made the following findings. Mother has long struggled with substance abuse, including intravenous heroin and cocaine use. Mother has also abused crack cocaine and prescription medications. A.G. is mother's second child. Mother's first child died in December 2010, while in her parents' custody, at the age of one-month. Because this death remained under investigation at the time of A.G.'s birth, A.G. was declared to be a child in need of care or supervision (CHINS) at birth. The Department for Children and Families (DCF) assumed custody of A.G. and placed her with mother at the Lund Center. Mother successfully completed services while at Lund and received substance abuse counseling for a time. This first CHINS case was closed in January 2013 based on mother's overall successful engagement in services.

DCF filed a second CHINS petition in June 2014 based on mother's relapse and use of intravenous drugs. Mother stipulated that A.G. was CHINS. At the initial disposition in September 2014, DCF filed a petition to terminate mother's rights. Following a disposition hearing, the court granted its request. It found that while mother had a period of sobriety between 2010 and 2013, she relapsed in 2014 and engaged in a significant and sustained period of substance abuse in the months leading up to the CHINS petition. During this time, mother began living with Travis Heath, a violent drug-user with an extensive criminal history. Mr. Heath assaulted mother many times. Mother continued to have contact with him despite a no-contact order imposed in connection with a domestic assault charge. The court found that mother's decision to associate with Mr. Heath and allow him to stay in her home put A.G. at risk of harm given his history of drug abuse, criminal behavior, and violence.

After A.G. came into custody, mother did not make progress in treating her drug addiction. She continued to use illegal street drugs and her lifestyle became chaotic. Mother was arrested for three new crimes while on probation for a 2013 retail theft conviction. Mother was placed on probation pursuant to a plea agreement, but struggled to comply with her probation conditions. She continued to abuse drugs; she failed to show up for appointments; she became difficult to reach. A new probation violation complaint was filed in January 2015.

Mother was arrested and was held without bail. She remained incarcerated through the beginning of February 2015. The court found that mother's significant and longstanding substance abuse problem likely contributed to mother's struggles with maintaining housing, abiding by probation requirements, and leading a stable and orderly life. It found that despite two stints in residential treatment within the past year, mother remained in very early stages of recovery and she lacked insight into the magnitude of her substance abuse problem.

While A.G. was in DCF custody, mother participated in a minimal amount of family-time coaching and her visitation with A.G. was inconsistent. When mother did attend visits, the visits generally went well, and mother and A.G. showed obvious signs of love and affection. Mother missed so many visits, however, that the family time coach assigned to the case withdrew in September 2014. Mother's attendance remained inconsistent after this point.

A.G. was in a stable placement with a foster family. Her behavior had improved, and she was healthy and active. A.G. had successfully integrated into her foster family and her physical, medical, and emotional needs were being met. The foster parents were prepared to adopt A.G. if the termination petition was granted.

Based on these and numerous other findings, the court considered the statutory best-interest factors, as it was required to do pursuant to 33 V.S.A. § 5114(a)[1]. The court found that mother and A.G. loved one another and shared a close bond. A.G. also had a loving relationship with her foster family but this bond was not as strong as A.G.'s bond with her mother. The court concluded that, on balance, this first statutory factor did not support the State's request for termination of parental rights.

As to the second factor, the court concluded that A.G. was well-adjusted to life with her foster family. She was happy, and she was benefitting from a familiar and predicable routine. The court found that this factor strongly supported the State's request.

Turning to the most important factor, the court found overwhelming evidence that mother would not be able to resume parental duties within a reasonable time, if at all. It cited, among other things, mother's inability to refrain from drug use and her failure to make any progress in addressing her substance abuse problems despite two stays in residential treatment. The court found mother's lack of insight into her treatment needs especially significant given that mother had received intensive drug counseling and other services in connection with the earlier CHINS case. The court also found that mother failed to engage in services consistently; she did not engage in individual therapy; and her lifestyle had become increasingly unstable since the case began.

Finally, the court found the fourth factor—whether mother had played a constructive role in A.G.'s welfare—to be mixed. When mother attended visits, she displayed love, affection, and emotional support for A.G. and A.G. looked forward to each visit. Yet mother's attendance was sporadic at best, and the lack of consistent visitation was hard on A.G. The court concluded that termination of mother's rights was in A.G.'s best interests. Mother appealed from this order.

---

[1] Because termination was sought at initial disposition, the court was not required to consider whether changed circumstances existed sufficient to justify modifying a prior order pursuant to 33 V.S.A. § 5513(b).

Mother does not challenge any of the court's factual findings. Instead, she argues that the court failed to adequately explain how it reached its decision. More specifically, she faults the court for failing to explain the interplay between the statutory best-interest factors and how much weight it assigned to each factor in reaching its ultimate conclusion that termination of her rights was in A.G.'s best interests.

As we have often repeated, the court must consider four statutory factors to determine if termination of a parent's rights is in a child's best interests. See 33 V.S.A. § 5114. The most important factor in the court's analysis is the likelihood that the natural parent will be able to resume his or her parental duties within a reasonable period of time. See In re B.M., 165 Vt. 331, 336 (1996) (noting, in the context of terminating parental rights, the "critical factor is whether the natural parent will be able to resume parental duties within a reasonable time"). "As long as the court applied the proper standard, we will not disturb its findings unless they are clearly erroneous, and we will affirm its conclusions if they are supported by the findings." In re G.S., 153 Vt. 651, 652 (1990) (mem.).

The court applied the appropriate standard here, and we find no error. It is evident "what was decided and how the decision was reached." E.J.R. v. Young, 162 Vt. 219, 225 (1994). As set forth above, the court recognized that mother and A.G. shared a strong bond, and that both enjoyed visits when they occurred. Nonetheless, visitation was inconsistent, to A.G.'s detriment. More significantly, the evidence was overwhelming that mother could not parent A.G. within a reasonable period of time, if ever. Additionally, A.G. was thriving in her foster home, which strongly supported termination as well. Having explained its assessment of each of the statutory best-interest factors, the court was not required to assign a mathematical weight to each factor. The court reasonably found, on balance, that the best-interest factors as a whole favored termination. No additional explanation was required.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice